STATE OF NEW YORK
SUPREME COURT    COUNTY OF SCHENECTADY

KRISTINA DELORENZO,

                             Plaintiff,

- against -

BROOKDALE SENIOR LIVING
COMMUNITIES, INC.,

                             Defendant.

Index No.: 2011-1972
Date Purchased:
Plaintiffs designate Schenectady
County as the place of trial.
The basis of the venue is
Plaintiffs' residence.

**SUMMONS**

County Schenectady

To the above named Defendant:

    *You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 18, 2011

                                          Thomas E. DeLorenzo, Esq.
                                          *The DeLorenzo Law Firm, LLP*
                                          Attorneys for Plaintiff
                                          670 Franklin St., 2nd Floor
                                          Schenectady, NY 12305
                                          (518) 374-8494

TO:    BROOKDALE SENIOR LIVING COMMUNITIES, INC.,
          C/o CT Corporation System
          111 Eighth Avenue
          New York, New York, 10011

                **\*\*PLEASE FORWARD TO YOUR INSURANCE CARRIER\*\***

                            THE DELORENZO LAW FIRM, LLP

STATE OF NEW YORK　　　　　　　　　　　　　COUNTY OF SCHENECTADY
SUPREME COURT

KRISTINA DELORENZO,

                *Plaintiff,*　　　　　　　　　　**COMPLAINT**

      *-against-*　　　　　　　　　　　　　　　Index No. 2011-1972

BROOKDALE SENIOR LIVING
COMMUNITIES, INC.,

                *Defendant.*

---

The Plaintiff by and through her attorneys, The DeLorenzo Law Firm, LLP for her complaint sets forth the following:

## INTRODUCTION

1. At all times hereinafter mentioned, the plaintiff was an employee of the defendant corporation.

2. The plaintiff was and continues to be a resident of the State of New York, County of Schenectady.

3. At all times hereinafter mentioned, the defendant was and continues to be a foreign business corporation incorporated under the laws of the state of Delaware, registered to do business in the state of New York, and having its principal place of business located at 111 Westwood Place, 200, Brentwood, Tennessee, 37027.

4. At all times hereinafter mentioned, the defendant has and continues to operate a senior assisted living facility known as Wynwood of Niskayuna located at 1786 Union St., Niskayuna New York, 12309.

5. That at all times hereinafter mentioned, the plaintiff was employed by the defendant corporation as a residential care coordinator.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "5" inclusive and with the same force and effect as if herein set forth in full.

7. That plaintiff was employed by the defendant corporation as a residential care coordinator who was designated as a full-time non-exempt associate per the rules and regulations issued by the defendant in its carious manuals.

8. That as full-time non-exempt associate plaintiff was entitled to hourly pay for her scheduled 40 hours a week.

9. That as a full-time non-exempt associate plaintiff was entitled to overtime at a rate of 1 and ½ times the base rate for hours worked over 40 hours in a week.

10. That as a full-time non-exempt associate plaintiff was entitled to an "on call bonus" for work during non-scheduled work hours in addition to receiving hourly compensation for hours worked in which she was required to be "on-call."

11. That as a full-time non-exempt associate plaintiff was entitled to "travel pay" for any work she was required to perform while traveling which must be counted as hours worked regardless of the day of the week or the time of the day.

12. That during the last two years the plaintiff had weeks where she worked over forty hours on numerous occasions, however she was not paid for the hours worked over forty hours. She did not get overtime despite the rules and regulations pursuant to law issued by the defendant corporation all to her damage in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

13. That during the last two years the plaintiff had weeks where she was required to travel during the course of her employment, however she was not paid the "travel pay" to which she was entitled. Plaintiff did not get her travel pay despite the rules and regulations pursuant to law issued by the defendant corporation all to her damage in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

14. That during the last two years the plaintiff had weeks where she was required to be "on-call," however she was not paid for the hours worked or the "on-call bonus." She did not receive these on-call payments despite the rules and regulations pursuant to law issued by the defendant corporation all to her damage in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

15. That defendant's conduct violated their rules and regulations.

16. That the defendant's conduct violated the Fair Labor Standards Act.

17. That the defendant violated the Fair Labor Standards Act and did so in a willful manner since defendant knew or should of known or showed reckless disregard concerning said Act and the prohibitions contained therein.

18. That since the defendant violated the Fair Labor Standards Act; plaintiff is entitled to payment of overtime compensation of over forty hours, payment of travel pay, payment of on-call bonuses, and liquidated damages per the Act.

19. That plaintiff is entitled to reasonable attorney fees for processing this case to obtain her rights under the Fair Labor Standards Act.

WHEREFORE, plaintiff demands judgment against the defendant for compensatory damages in an amount to be determined by the trier of the facts together with interest and

attorney fees allowed by law together with the costs and disbursements of this action, and such other, further and distinct relief as to this Court seems just and proper.

Dated: August 18, 2011
      Schenectady, New York

                              Thomas E. DeLorenzo, Esq.
                              *The DeLorenzo Law Firm, LLP*
                              Attorneys for Plaintiff
                              670 Franklin St., 2nd Floor
                              Schenectady, NY 12305

STATE OF NEW YORK
SUPREME COURT

Index No.:
COUNTY OF SCHENECTADY

---

KRISTINA DELORENZO,

        Plaintiffs,

- against -

BROOKDALE SENIOR LIVING
COMMUNITIES, INC.,

        Defendant.

---

## SUMMONS AND COMPLAINT

---

**THE DELORENZO LAW FIRM, LLP**
ATTORNEYS FOR PLAINTIFF
Office and Post Office Address
670 Franklin Street, 2nd Floor
Schenectady, New York 12305
(518) 374-8494

---

Sirs: Please take notice that the within is a true copy of a _____ entered in the office of the Clerk of the within named court on the ____ day of _____, 2011.

Dated: Schenectady, New York.

        THE DeLORENZO LAW FIRM, LLP
        Attorneys for PLAINTIFF
        Office and Post Office Address
        670 Franklin Street, Schenectady, New York 12305
        (518) 374-8494